**Isaias Miguel DIAZ–VICENTE, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–75750.

Agency No. A76–847–036.

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2006.[*]

Decided May 19, 2006.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Carolyn E. Reinholdt, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief General Counsel, Office of the District Counsel, San Francisco, CA, Christopher C. Fuller, Jonathan F. Potter, DOJ—U.S. Department of Justice, Washington, DC, Respondent.

Before B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

**MEMORANDUM**\*\*

Isaias Miguel Diaz–Vicente, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from an immigration judge's decision denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. Reviewing for substantial evidence, *Lim v. INS*, 224 F.3d 929, 933 (9th Cir.2000), we deny in part and dismiss in part the petition for review.

Diaz–Vicente testified that guerrillas in Guatemala wanted to kill his father because his father was a member of the military and that the guerrillas twice confronted Diaz–Vicente and threatened to kill him if they learned that he had lied to them about his father's whereabouts. The record does not compel the conclusion that the threats against Diaz–Vicente constituted past persecution, or that the threats were linked to a protected ground. *See id.*, 224 F.3d at 936 (holding that "[t]hreats standing alone . . . constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual 'suffering or harm' ") (citation omitted); *Molina–Estrada v. INS*, 293 F.3d 1089, 1094–95 (9th Cir.2002) (concluding that petitioner had not established that he was subject to persecution on account of an imputed political opinion based solely on his father's military involvement). Incidents occurring in the United States cannot establish past persecution. *See* 8 C.F.R. § 1208.13(b)(1). Moreover, the record does not compel the conclusion that the Guatemalan government is unable or unwilling to control ex-guerrillas there. *See Castro–Perez v. Gon-*

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*zales,* 409 F.3d 1069, 1072 (9th Cir.2005). Accordingly, Diaz–Vicente failed to establish eligibility for asylum and withholding of removal. *See id.* at 1072.

Nor does the record compel the conclusion that Diaz–Vicente met his burden of establishing eligibility for protection under the CAT. There is no indication that the BIA failed to consider any evidence that might have enabled Diaz–Vicente to meet his burden. The country report in the record does not support Diaz–Vicente's claim of the likelihood of torture by Guatemalan guerrillas. *Cf. Kamalthas v. INS,* 251 F.3d 1279, 1284 (9th Cir.2001) (remanding where the BIA overrelied on an adverse credibility determination and failed to consider country conditions evidence confirming widespread torture of those similarly situated to petitioner).

To the extent Diaz–Vicente challenges the BIA's denial of his motion to reconsider, that issue is not properly before us. *See Andia v. Ashcroft,* 359 F.3d 1181, 1183 n. 3 (9th Cir.2004) (per curiam) ("[T]he BIA's denial of a motion to reconsider is a separate action that must be separately appealed for this court to have jurisdiction.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**